UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARIA E. MATOS,

     Plaintiff,

v.                                   CASE NUMBER:

JACORI J. WOODS and BLAIR LOGISTICS,
LLC,

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, JACORI J. WOODS and BLAIR LOGISTICS, LLC, ("Defendants"), through their undersigned attorneys, submit this Notice of Removal and requests that the case entitled SARIA E. MATOS, Plaintiff, v. JACORI J. WOODS and BLAIR LOGISTICS, LLC, Defendants, which was filed as Case No. 21-CA-003234 in the Circuit Court of the Ninth Judicial Circuit, In and For Osceola County, Florida, be removed to the United States District Court, Middle District of Florida, Orlando Division.  In support of this Removal, Defendant advises the Court as follows:

     1.    Plaintiff's Complaint was filed in the Osceola County, Florida, Circuit Court on December 17, 2021, and an Amended Complaint naming the correct corporate defendant was deemed filed on March 22, 2022. The complaints, along

with a copy of all process, pleadings and orders in the state court, are attached as Exhibit A.

2.     There is complete diversity of citizenship of the parties.   In her Complaint, Plaintiff alleges that she was a resident of the state of Florida at the time the state court action was commenced. (Exhibit A, p. 1, ¶2.) Furthermore, in her answers to Interrogatories, the Plaintiff responded that she has resided in Florida for at least the last twelve years.  (Exhibit B, p. 1, redacted for privacy.) Plaintiff also holds a Florida Driver's License, as recorded by the St. Cloud Police Officer R. Manning in the Crash Report.

3.     Defendant, JACORI WOODS, was a resident of the state of Alabama at the time the Complaint was filed and received service of process at his home in Alabama.  (Exhibit A, p. 2, ¶3 and p. 8.)

4.     Defendant, BLAIR LOGISTICS, LLC, is a Nevada corporation whose corporate office is located at 201 19th Street, Birmingham, Alabama, 35218.  (See Affidavit of John-Thomas Young, Exhibit C, ¶ 3.)The sole member of BLAIR LOGISTICS is P&S Acquisition, LLC, a Delaware corporation. (Exh. C, ¶ 3) The sole member of P&S Acquisition, LLC, is PS Holdco, LLC, a Delaware corporation, whose sole member is PS Parent, LLC, a Delaware corporation. (Exh. C, ¶ 3) The sole member of PS Parent, LLC, is Carriage Purchaser, Inc., a Delaware corporation. (Exh. C, ¶ 3) The principal place of business of each of

these member companies is 1810 Avenue C, Birmingham, Alabama, 35218. (Exh. C, ¶ 3) None of these entities has a principal place of business in Florida.  (Exh. C, ¶ 4)

5.      Thus, there is complete diversity of citizenship as to the parties in conformance with 28 U.S.C.A. § 1332.

6.      "In determining the amount in controversy, the Court should first look to the face of the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). If the amount in controversy is "not facially apparent from the complaint, then the court should look to the notice of removal," along with other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

7.      Plaintiff's Complaint claims it is an action for damages "that exceed" Thirty Thousand Dollars, (Exhibit A, p. 1, ¶1), which is only the jurisdictional minimum for filing in Florida's circuit court. She further alleges that she "suffered bodily injury including a permanent  injury to the body as a whole, pain and suffering of both a physical and mental  nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or continuing and

Plaintiff will suffer the losses in the future.  Plaintiff's motor vehicle was also damaged." (Exhibit A, p. 2, ¶10)

8.     On April 21, 2022, Plaintiff served a Proposal for Settlement of this matter in the amount of $1 million.  (Exhibit D.)  While not conceding that the damages are that extensive, the following medical records received after filing of the Complaint suggest that the Proposal for Settlement is not mere puffery:

a.     Plaintiff underwent an MRI of the Lumbar Spine on 9/27/2021. The radiologist, Chintan Desai, MD, reported that "The herniating disc at L3-4 level contains imaging findings consistent with acute herniation of the disc. Given this patient's history and findings, it is medically probable that these are related to injuries sustained from the patient's recent accident of 08/26/2021 and clinical correlation is recommended to confirm this." (Report, Exhibit E, p. 2)

b.     Allegedly as a result of the accident in this case, Plaintiff was treated at University Orthopedic Care under A Rigueras, DO, for right shoulder pain, neck pain, and low back pain. She was diagnosed with Cervicalgia, Facet Joint Syndrome Cervical and Lumbar, Lumbar Herniated Disc, Shoulder Pain, and Low Back Pain.  (Excerpts of records, redacted for privacy, Exhibit F, p. 1-2) She underwent Lumbar Facet Joint injections

(Exh. F, p. 3) and a posterior subacromial injection to the right shoulder. (Exh. F, p. 6)

9.      Until the receipt of the Proposal for Settlement, Defendants were not in possession of enough documents or information suggesting that the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1441. The Proposal for Settlement, combined with the medical records cited above, clearly demonstrate that the amount in controversy exceeds the minimal threshold of $75,000.

10.      "The law does not require Defendants to speculate as to whether the damages do or do not exceed the $75,000 threshold nor are Defendants required to protectively file a notice of removal in order to avoid the risk of losing the right to remove. The removal statute does not require Defendants to make an inferential leap regarding the amount in controversy when evaluating the papers presented to them. As such, the Defendants were not required to speculate as to the 'dollars and cents' to be assigned to Plaintiff's various unspecified demands included in its ad damnum clauses. Indeed, had the Defendants removed this action solely in reliance on the information contained in the Plaintiff's Complaint, Defendants may have run the risk of being unable to establish that the amount in controversy exceeds $75,000 and may have risked the possibility of the Court remanding the action and awarding

attorney's fees to the Plaintiff." *Pantages v. Cardinal Health* 200, Inc., No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335074, at *2 (M.D. Fla. June 5, 2008), report and recommendation adopted, No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335075 (M.D. Fla. July 2, 2008).

11.     Thus, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12.     Venue is properly in the Orlando Division of the Middle District of Florida, pursuant to M.D.L.R. l.04(a) and 28 U.S.C. §1441(a).  This case was filed in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. Therefore, the Orlando Division is the proper Court for removal of this case.

13.     This Notice of Removal is being timely filed, in that 28 U.S.C.A. § 1446(b)(3) provides that a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  The receipt by the Defendants in this case of the Plaintiff's Proposal for Settlement on April 21, 2022, was the

first time it could be ascertained that the amount in controversy requirement was met.

14.     A copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court for the Ninth Judicial Circuit of Florida, together with a Notice of Filing Notice of Removal pursuant to 28 U.S.C. 1446(d).

15.     A copy of this Notice of Removal, together with a Notice of Filing Notice of Removal, is being served on Plaintiff pursuant to 28 U.S.C. 1446(d).

16.     No previous application for the relief sought in the Notice of Removal herein has been made to this or any other Court.

17.     Counsel hereby certifies that both Defendants consent to the removal of this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of May, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and further sent notice by electronic and United States mail to the following:: Manuel Stefan, Esquire, Morgan & Morgan, P.A., 198 Broadway Avenue, Kissimmee, FL 34741, mstefan@forthepeople.com; ediaz@forthepeople.com.

Susan M. Wilson

SUSAN M. WILSON, ESQUIRE
Florida Bar Number:  545740
Primary: swilson@ogdensullivan.com
Secondary: eservice@ogdensullivan.com

OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL  33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendants Blair Logistics,
LLC and Jacori J. Woods,