Filing # 140604962 E-Filed 12/17/2021 02:43:24 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR OSCEOLA COUNTY, FLORIDA

### CASE NO:

**SARIA E. MATOS,**

       **Plaintiff,**

**vs.**

**JACORI J. WOODS AND
BLAIR LOGISTICS INC,**

       **Defendants.**

_____ /

### **COMPLAINT**

COMES NOW the Plaintiff, **SARIA E. MATOS,** through the undersigned attorneys, and

sues the Defendants, **JACORI J. WOODS AND and BLAIR LOGISTICS INC**, and alleges:

    1.   This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of

Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this

Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated

amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional*

*purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be

set forth in the civil cover sheet for data collection and clerical purposes only). The actual value

of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1,

Section 21, Fla. Const.

    2.   At all times material to this action, Plaintiff was a natural person residing in Osceola

County, Florida.

3.      At all times material to this action, Defendant **JACORI J. WOODS** was a natural person residing in Jefferson County, Alabama.

4.      At all times material to this action, **BLAIR LOGISTICS INC** was a company doing business in Osceola County, Florida.

5.      On or about August 26, 2021, Plaintiff was operating a motor vehicle on or near 17th Street in Osceola County, Florida.

6.      At that time and place, Defendant, **JACORI J. WOODS**, was operating a motor vehicle owned by Defendant, **BLAIR LOGISTICS INC**, on 17th street in  Osceola County, Florida

7.      Defendant, **JACORI J. WOODS**, was operating and driving the motor vehicle with the permission and consent of its owner, Defendant, **BLAIR LOGISTICS INC**.

8.      At that time and place, Defendant **JACORI J. WOODS** negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

9.      Defendant, **BLAIR LOGISTICS INC**, is vicariously liable for the negligence of Defendant, **JACORI J. WOODS**, pursuant to the Florida Dangerous Instrumentality Doctrine.

10.      As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff's motor vehicle was also damaged.

**WHEREFORE**, Plaintiff, SARIA EVELYN MATOS, demands judgment for damages against Defendants,  and , and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

**RESPECTFULLY** submitted this  17th day of December, 2021.

> */s/ Manuel Stefan, Esq.*
> Manuel "Manny" Stefan, Esq.
> Florida Bar No.: 0103389
> MORGAN & MORGAN, P.A.
> 4495 South Semoran Blvd.
> Orlando, FL 32822
> Telephone No.: (407) 452-6982
> Facsimile No.:  (407) 572-0124
> Primary email: MStefan@forthepeople.com
> Secondary email: CVictor@ForThePeople.com
> *Attorney for Plaintiff*

# AFFIDAVIT OF SERVICE

**State of Florida**                    **County of Osceola**                    **Circuit Court**

Case Number: 2021 CC 3234 AN

Plaintiff:
**SARIA E. MATOS,**
vs.
Defendant:
**JACORI J. WOODS AND BLAIR LOGISTICS INC,**

For: Manuel "Manny" Stefan, Esq *
    Morgan & Morgan, P.A.

Received by Knopf Investigations, Inc. on the 21st day of December, 2021 at 4:30 pm to be served on **BLAIR LOGISTICS INC,**  201 **19TH STREET ENSLEY, ENSLY, AL 35218**. I, ___Malcolm ___ Golston ___ , being duly sworn, depose and say that on the __8th__ day of __January__ , 20 22 at __4__ : 12 p.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT, STANDING CASE MANAGEMENT PLAN/ORDER (General Track), PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESS(ES), PLAINTIFF'S REQUEST FOR ADMISSIONS
TO DEFENDANT, PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT, NOTICE OF SERVICE OF INTERROGATORIES and GENERAL PERSONAL INJURY NEGLIGENCE INTERROGATORIES
TO DEFENDANT** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____ .

(✓) CORPORATE SERVICE: By serving __Anthony Cade_____ as
_____Authorized Agent_____ .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**_____
_____
_____
_____

## <u>AFFIDAVIT OF SERVICE For 2021 CC 3234 AN</u>

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___10th___
day of ___January___, ___2022___ by the affiant
who is personally known to me.

NOTARY PUBLIC         Exp. 4/16/22

PROCESS SERVER # ____N/A____
Appointed in accordance with State Statutes

**Knopf Investigations, Inc.**
**Post Office Box 560856**
**Rockledge, FL 32956-0856**
**(321) 373-1245**

Our Job Serial Number: 2021011929

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2d

Filing # 140604962 E-Filed 12/17/2021 02:43:24 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO: *20 21 CC 3239 AN*

SARIA E. MATOS,

      Plaintiff,

vs.

JACORI J. WOODS AND
BLAIR LOGISTICS INC,

      Defendants.

JANUARY 8, 2022
4:12 PM
MG

_____ /

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**BLAIR LOGISTICS INC
C/O REGISTERED AGENT
6550 E. 30th Street, Suite 120
Indianapolis, IN  46226**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on MANUEL F. STEFAN, ESQUIRE, **Morgan & Morgan, P.A.**, 4495 S Semoran Blvd, Orlando, FL 32822  , Telephone: (407) 452-6982, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **OSCEOLA COUNTY COURTHOUSE, 2 COURTHOUSE SQUARE, SUITE 200, KISSIMMEE, FLORIDA 34741, (407) 742-2400**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS   my   hand   and   the   seal   of   this   Court   on   this   the   _____   day   of   __DEC 2 1 2021__   , ____ .



Kelvin Soto
Clerk of the Circuit C____

By_____
As Deputy Clerk

2

# AFFIDAVIT OF SERVICE

**State of Florida**                **County of Osceola**                **Circuit Court**

Case Number: 2021 CC 3234 AN

Plaintiff:
**SARIA E. MATOS,**
vs.
Defendant:
**JACORI J. WOODS AND BLAIR LOGISTICS INC,**

For: Manuel "Manny" Stefan, Esq *
    Morgan & Morgan, P.A.

Received by Knopf Investigations, Inc. on the 21st day of December, 2021 at 4:37 pm to be served on
**JACORI J. WOODS, 6680 BURCHFIELD LOOP, MC CALLA, AL 35111.** I, ___Malcolm
Golston___, being duly sworn, depose and say that on the _28th_ day of _December_, 20_21_ at
_3_ : _12_ p.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT, STANDING
CASE MANAGEMENT PLAN/ORDER (General Track), PLAINTIFF'S NOTICE OF COMPLIANCE
WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESS(ES), PLAINTIFF'S REQUEST FOR
ADMISSIONS
TO DEFENDANT, PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT, NOTICE OF SERVICE OF
INTERROGATORIES and GENERAL PERSONAL INJURY NEGLIGENCE INTERROGATORIES
TO DEFENDANT** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(✓) SUBSTITUTE SERVICE: By serving ___Sharoyal Means___ as
___Co-resident___.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a
conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No   If yes, what branch? _____

Marital Status:( ) Married or ( ) Single   Name of Spouse _____

**COMMENTS:** ___Delivered to co-resident. Description: Black, Female, 40, 5'8" 140, black hair, no glasses.___
_____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 2021 CC 3234 AN

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___30th___
day of ___December___, ___2021___ by the affiant
who is personally known to me.

_William J Caputo_
WILLIAM J NOTARY PUBLIC    Exp. 4/16/22

WILLIAM J CAPUTO
NOTARY PUBLIC
ALABAMA STATE AT LARGE

_Malcolm Holston_

PROCESS SERVER # ___N/A___
Appointed in accordance with State Statutes

**Knopf Investigations, Inc.**
**Post Office Box 560856**
**Rockledge, FL 32956-0856**
**(321) 373-1245**

Our Job Serial Number: 2021011928

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d

Filing # 140604962 E-Filed 12/17/2021 02:43:24 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO: 2021 CC 3234PAN

SARIA E. MATOS,

      Plaintiff,

vs.

JACORI J. WOODS AND
BLAIR LOGISTICS INC,

      Defendants.

_____/

DECEMBER 28, 2021
3:12 PM
MG

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**JACORI J. WOODS**
**6680 Burchfield Loop**
**Mc Calla, AL 35111**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on MANUEL F. STEFAN, ESQUIRE, **Morgan & Morgan, P.A.**, 4495 S Semoran Blvd, Orlando, FL 32822  , Telephone: (407) 452-6982, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **OSCEOLA COUNTY COURTHOUSE, 2 COURTHOUSE SQUARE, SUITE 200, KISSIMMEE, FLORIDA 34741, (407) 742-2400,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of ___DEC 2 1 2021___, ____.

Kelvin Soto
Clerk of the Circuit Court

By_____
As Deputy Clerk

2

THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

SARIA E. MATOS,                              CASE NO:  2021-CA-3234-AN

        Plaintiff,

vs.

JACORI J. WOODS AND
BLAIR LOGISTICS LLC,

        Defendants.
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to the Rules of Civil Procedure, Plaintiff, SARIA E. MATOS ("Plaintiff"), requests the entry of an Order permitting him leave to file an Amended Complaint to correct a Scrivener's error and name the correct defendant, BLAIR LOGISTICS, LLC, to this action, and states:

1.     This is a personal injury action as a result of a motor vehicle accident.

2.     The initial complaint was filed on December 23, 2021, against defendants, JACORI J. WOODS and BLAIR LOGISTICS, INC..

3.     On February 4, 2022, Defendants filed their Answer and Affirmative Defenses.

4.     As a result of an inadvertent scrivener's error by the undersigned counsel, Defendant, BLAIR LOGISTICS, INC, was named incorrectly on the Complaint.  Defendant BLAIR LOGISTICS, INC. should be named BLAIR LOGISTICS, LLC in this action.

This Motion is just to correct the defendant, BLAIR LOGISTICS, INC.'s name and Scrivner's Error in regards to the defendant's name.

5.     There is no prejudice to the Defendant to allow Plaintiff to amend her Complaint to correctly name the defendant, BLAIR LOGISTICS, LLC , in this matter.

6.     Plaintiff requests leave of the Court to amend the Complaint, correcting the Scrivener's error naming the defendant correctly.

7.      Counsel for Defendant, BLAIR LOGISTICS, LLC has no objection to Plaintiff filing an Amended Complaint to properly reflect defendant BLAIR LOGISTICS, LLC name due to the Scrivener's error Plaintiff's proposed Amended Complaint is attached hereto as Exhibit "A."

8.     Plaintiff requests this Honorable Court enter an order granting his motion for leave to file the amended complaint and directing the Clerk of Court to enter a new and corrected style of the case as follows:

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR OSCEOLA COUNTY, FLORIDA**

**CASE NO.: : 2021-CA-3234-AN**

**SARIA E. MATOS,**

                **Plaintiff,**
**vs.**

**JACORI J. WOODS AND**
**BLAIR LOGISTICS LLC,**

                **Defendants.**
**_____/**

2

WHEREFORE, Plaintiff respectfully requests this Court issue an Order granting Plaintiff's Motion for Leave to File Amended Complaint correcting the Scrivener's Error and directing the Clerk of Court to correct the style of the case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2022, the above and foregoing  has been filed with the Clerk of Court using the Florida Courts e-Filing Portal which will send notification of electronic filing to:  Kevin A. Joyce, Esquire, Ogden & Sullivan, P.A., 5422 Bay Center Drive, Suite 100, Tampa, FL 33609-3420 (kjoyce@ogdensullivan.com; eservice@ogdensullivan.com).

*/s/ **Manuel Stefan, Esq.**_____*
Manuel "Manny" Stefan, Esq.
Florida Bar No.: 0103389
MORGAN & MORGAN, P.A.
4495 South Semoran Blvd.
Orlando, FL 32822
Telephone No.: (407) 452-6982
Facsimile No.:  (407) 572-0124
Primary email: MStefan@forthepeople.com
Secondary email: cvictor@forthepeople.com
*Attorney for Plaintiff*

*EXHIBIT A*

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA**

**SARIA E. MATOS,**

         **Plaintiff,**               **CASE: 2021-CA-3234-AN**

**vs.**

**JACORI J. WOODS AND
BLAIR LOGISTICS LLC,**

        **Defendants.**            /
_____

## AMENDED COMPLAINT

COMES NOW the Plaintiff, SARIA E. MATOS, through the undersigned attorneys, and sues the Defendants, JACORI J. WOODS and BLAIR LOGISTICS, LLC, and states as follows:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    At all times material to this action, Plaintiff was a natural person residing in Osceola County, Florida.

5

3.     At all times material to this action, Defendant **JACORI J. WOODS** was a natural person residing in Jefferson County, Alabama.

4.     At all times material to this action, **BLAIR LOGISTICS LLC** was a company doing business in Osceola County, Florida.

5.     On or about August 26, 2021, Plaintiff was operating a motor vehicle on or near 17th Street in Osceola County, Florida.

6.     At that time and place, Defendant, **JACORI J. WOODS**, was operating a motor vehicle owned by Defendant, **BLAIR LOGISTICS LLC**, on 17th street in  Osceola County, Florida

7.     Defendant, **JACORI J. WOODS**, was operating and driving the motor vehicle with the permission and consent of its owner, Defendant, **BLAIR LOGISTCS LLC**

8.     At that time and place, Defendant **JACORI J. WOODS** negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

9.     Defendant, **BLAIR LOGISTICS LLC**, is vicariously liable for the negligence of Defendant, **JACORI J. WOODS**, pursuant to the Florida Dangerous Instrumentality Doctrine.

10.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or

6

continuing and Plaintiff will suffer the losses in the future.   Plaintiff's motor vehicle was also damaged.

WHEREFORE, Plaintiff, SARIA E. MATOS, demands judgment for damages against Defendants,  and , and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

RESPECTFULLY submitted this 17th day of March, 2021.

_/s/Manuel Stefan, Esq._____
Manuel "Manny" Stefan, Esq.
Florida Bar No.: 0103389
MORGAN & MORGAN, P.A.
4495 South Semoran Blvd.
Orlando, FL 32822
Telephone No.: (407) 452-6982
Facsimile No.:  (407) 572-0124
Primary email: MStefan@forthepeople.com
Secondary email: cvictor@forthepeople.com
*Attorney for Plaintiff*

7

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO:   2021-CA-3234-AN

SARIA E. MATOS,

        Plaintiff,

vs.

JACORI J. WOODS AND
BLAIR LOGISTICS LLC,

        Defendants.

_____/

## AGREED ORDER ON PLAINTIFF'S MOTION FOR
## LEAVE TO FILE AMENDED COMPLAINT

This matter having come before the Court upon the Plaintiff's Motion for Leave to File Amended Complaint, and having reviewed the file and being otherwise advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Leave to File Amended Complaint is hereby <u>GRANTED.</u>

2.      The Amended Complaint is deemed filed as of the date of this Order.

3.      The Clerk of the Court is directed to note the style of the case is hereby changed to:

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO.:  : 2021-CA-3234-AN

SARIA E. MATOS,

        Plaintiff,

vs.

JACORI J. WOODS AND
BLAIR LOGISTICS LLC,

        Defendants.

_____/

4.      Defendants, JACORI J. WOODS and BLAIR LOGISTICS, LLC, shall file responsive pleadings to Plaintiff's Amended Complaint within ten (10) days of the date of entry of this Order.

**DONE AND ORDERED** on  this 21ˢᵗ day of March, 2022.

_____
Honorable Margaret H. Schreiber

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing, via the Florida Courts E-Filing Portal, which will send a Notice of Electronic Filing to the parties listed. The Court further Orders the Moving Party, and if no Moving Party, the Plaintiff, to IMMEDIATELY serve a true and correct copy of this Order to all parties/counsel(s) of record, for whom service is not included in E-file service and file proof of such service with the Clerk of the Court.

_____
Judicial Assistant

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA**

**SARIA E. MATOS,**

               **Plaintiff,**                  **CASE: 2021-CA-3234-AN**

**vs.**


**JACORI J. WOODS AND
BLAIR LOGISTICS LLC,**

_____ /
          **Defendants.**

**<u>AMENDED COMPLAINT</u>**

COMES NOW the Plaintiff, SARIA E. MATOS, through the undersigned attorneys, and sues the Defendants, JACORI J. WOODS and BLAIR LOGISTICS, LLC, and states as follows:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for _jurisdictional purposes only_ (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only).  The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     At all times material to this action, Plaintiff was a natural person residing in Osceola County, Florida.

3.     At all times material to this action, Defendant **JACORI J. WOODS** was a natural person residing in Jefferson County, Alabama.

4.     At all times material to this action, **BLAIR LOGISTICS LLC** was a company doing business in Osceola County, Florida.

5.     On or about August 26, 2021, Plaintiff was operating a motor vehicle on or near 17th Street in Osceola County, Florida.

6.     At that time and place, Defendant, **JACORI J. WOODS**, was operating a motor vehicle owned by Defendant, **BLAIR LOGISTICS LLC**, on 17th street in  Osceola County, Florida

7.     Defendant, **JACORI J. WOODS**, was operating and driving the motor vehicle with the permission and consent of its owner, Defendant, **BLAIR LOGISTCS LLC**

8.     At that time and place, Defendant **JACORI J. WOODS** negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

9.     Defendant, **BLAIR LOGISTICS LLC**, is vicariously liable for the negligence of Defendant, **JACORI J. WOODS**, pursuant to the Florida Dangerous Instrumentality Doctrine.

10.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or

continuing and Plaintiff will suffer the losses in the future.   Plaintiff's motor vehicle was also damaged.

 **WHEREFORE**, Plaintiff, SARIA E. MATOS, demands judgment for damages against Defendants,  and , and other such relief deemed proper by the Court.  Plaintiff also demands a jury trial on all issues so triable.

 **RESPECTFULLY** submitted this 17th day of March, 2021.


       __/s/*Manuel Stefan, Esq.*___
       Manuel "Manny" Stefan, Esq.
       Florida Bar No.: 0103389
       MORGAN & MORGAN, P.A.
       4495 South Semoran Blvd.
       Orlando, FL 32822
       Telephone No.: (407) 452-6982
       Facsimile No.:  (407) 572-0124
       Primary email: MStefan@forthepeople.com
       Secondary email: cvictor@forthepeople.com
       *Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

SARIA E. MATOS,

      Plaintiff,

v.                                   CASE NUMBER: 21-CA-003234

JACORI J. WOODS and
BLAIR LOGISTICS, LLC.,

      Defendants.

_____/

## **DEFENDANTS' AMENDED ANSWER, DEFENSES, AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S AMENDED COMPLAINT**
### *Amended as to Paragraph 9 only*

      Defendants, JACORI J WOODS and BLAIR LOGISTICS, LLC ("DEFENDANTS"), by and through the undersigned counsel, hereby file their Answer, Defenses, and Demand for Jury Trial in response to Plaintiff's Amended Complaint as follows:

1. DEFENDANTS admit that Plaintiff has pled the jurisdictional threshold for this Court but denies that it is liable for any such damages.

2. DEFENDANTS are without knowledge as to the allegations.

3. DEFENDANTS admit the allegations.

4. DEFENDANTS are without knowledge as to the allegations.

5. DEFENDANTS are without knowledge as to the allegations.

6. DEFENDANTS admit the allegations.

7. DEFENDANTS admit the allegations.

8. DEFENDANTS deny the allegations.

9. DEFENDANTS admit that should the trier of fact determine that JACORI J. WOODS was negligent and such negligence resulted in the accident that is the subject of this lawsuit and was the legal and proximate cause of damages to PLAINTIFF, then BLAIR LOGISTICS, LLC would be vicariously liable for the compensatory damages determined.  Explicitly denied as to any negligence on the part of either defendant.

10. DEFENDANTS deny the allegations.

## DEFENSES

**FIRST DEFENSE**: Plaintiff was guilty of negligence and her negligence was the sole, proximate cause or contributing cause of damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative fault. Plaintiff's negligence includes, but may not be limited to, failing to keep a proper lookout, operating her motor vehicle carelessly, operating her motor vehicle at an unreasonable rate of speed, failing to wear an available and operational seatbelt, and/or being otherwise distracted.

**SECOND DEFENSE:** Plaintiff failed to mitigate her damages as required under Florida law and any such recovery should be proportionately reduced as a result of this failure. Plaintiff failed to follow her treating provider's recommendations and/or treated with providers under letters of protection or credit agreements as opposed to readily available health insurance and/or more reasonable contractual or negotiated arrangements.

**THIRD DEFENSE:** DEFENDANTS claim any credit or setoff to which it may be entitled for any and all payments paid to Plaintiff under personal injury protection (PIP) and medical payment (MedPay) provisions of the applicable insurance policy(ies) affording coverage to the motor vehicle operated by Plaintiff in the automobile collision alleged in the Complaint. Likewise, DEFENDANTS state the accident may fall under the provisions of the Florida

2

Automobile Reparations Reform Act, and DEFENDANTS plead all defenses and exemptions available to him under the provisions of this Act.

**FOURTH DEFENSE:** DEFENDANTS claim any credit or setoff to which he may be entitled for any and all payments paid or payable to Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever pursuant to § 768.76, Florida Statutes.

**FIFTH DEFENSE:** The damages alleged in the Complaint are not of the severity, magnitude, or duration required by the tort threshold provisions of § 627.737, Florida Statutes. Therefore, to the extent the injuries and damages sustained by Plaintiff are not of the severity, magnitude, or duration required by said threshold, the threshold stands as a complete and total bar to Plaintiff's claim for relief therein.

**SIXTH DEFENSE:** If any injury or damage was sustained by Plaintiff, some or all of it was based upon a pre-existing and/or congenital and/or hereditary condition that is not the responsibility of DEFENDANTS, Plaintiff is not entitled to any recovery based upon any injuries or damages sustained as a result of that condition.

**SEVENTH DEFENSE:** DEFENDANTS are entitled to a setoff for any payments made to Plaintiff by third persons, firms, or corporations in settlement of any of Plaintiff's claims pursuant to § 768.041, Florida Statutes.

**RESERVATION OF RIGHT:** DEFENDANTS reserve the right to amend or supplement his Defenses or assert additional Defenses that may become known during discovery.

## DEMAND FOR JURY TRIAL

WHEREFORE, Defendants, JACORI J WOODS and BLAIR LOGISTICS, LLC, demand trial by jury of all issues so triable by right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida Court E-Filing Portal, which will send a Notice of Electronic Filing to the following: Manuel Stefan, Esquire, Morgan & Morgan, P.A., 198 Broadway Avenue, Kissimmee, FL 34741, mstefan@forthepeople.com; ediaz@forthepeople.com.

TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
Primary: TSullivan@ogdensullivan.com
Secondary: eservice@ogdensullivan.com
KEVIN A. JOYCE, ESQUIRE
Florida Bar Number: 112980
Primary: kjoyce@ogdensullivan.com
Secondary: eservice@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL 33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorneys for Defendants Blair Logistics, LLC and
Jacori J. Defendants

Filing # 140604962 E-Filed 12/17/2021 02:43:24 PM

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

**SARIA E. MATOS,**

               **Plaintiff,**

**vs.**

**JACORI J. WOODS AND
BLAIR LOGISTICS INC,**

               **Defendants**

IN RE: CIVIL CASE MANAGEMENT
       PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

     **PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts,* **Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021),** and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

     **ORDERED** that:

     1.     **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

     2.     **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK
*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION

SARIA E. MATOS,

      Plaintiff,

v.                            CASE NUMBER: 21-CA-003234

JACORI J. WOODS and BLAIR LOGISTICS,
LLC,

      Defendants.
_____/

## NOTICE OF CHANGE IN DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES FOR ELECTRONIC SERVICE

PLEASE TAKE NOTICE that undersigned counsel on behalf of Defendants, BLAIR LOGISTICS, LLC AND JACORI J. WOODS, hereby gives notice of designating the e-mail addresses for receiving electronic service of court documents pursuant to Florida Rule of Judicial Administration 2.516:

**Susan M. Wilson, Esquire**
Primary email: swilson@ogdensullivan.com
Secondary email: eservice@ogdensullivan.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida Court E-Filing Portal, which will send a Notice of Electronic Filing to the following: Manuel Stefan, Esquire, Morgan & Morgan, P.A., 198 Broadway Avenue, Kissimmee, FL 34741, mstefan@forthepeople.com; ediaz@forthepeople.com.

 /s/  Susan M. Wilson_____
SUSAN M. WILSON, ESQUIRE
Florida Bar Number:  545740
Primary: swilson@ogdensullivan.com
Secondary: eservice@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL  33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendants Blair Logistics, LLC and
Jacori J. Woods

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CIVIL DIVISION

SARIA E. MATOS,

       Plaintiff,

v.                                         CASE NUMBER: 21-CA-003234

JACORI J. WOODS and BLAIR LOGISTICS,
LLC,

       Defendants.
_____/

## NOTICE OF APPEARANCE

      PLEASE TAKE NOTICE that undersigned counsel, Susan M. Wilson, and the law firm of Ogden & Sullivan, P.A. hereby notify the Court of their appearance on behalf of the Defendants Jacori J. Woods and Blair Logistics, LLC in this matter.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 22nd day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida Court E-Filing Portal, which will send a Notice of Electronic Filing to the following: Manuel Stefan, Esquire, Morgan & Morgan, P.A., 198 Broadway Avenue, Kissimmee, FL 34741, mstefan@forthepeople.com; ediaz@forthepeople.com.

                                                     _Susan M. Wilson_
                                                   SUSAN M. WILSON, ESQUIRE
                                                   Florida Bar Number:  545740
                                                   Primary: swilson@ogdensullivan.com
                                                   Secondary: eservice@ogdensullivan.com
                                                   OGDEN & SULLIVAN, P.A.
                                                   5422 Bay Center Drive, Suite 100
                                                   Tampa, FL  33609-3420

(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendants Blair Logistics, LLC and
Jacori J. Woods

Filing # 140604962 E-Filed 12/17/2021 02:43:24 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA**

**CASE NO:**

SARIA E. MATOS,

           **Plaintiff,**

vs.

**JACORI J. WOODS AND
BLAIR LOGISTICS INC,**

           **Defendants.**

_____/

**PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND
DESIGNATION OF E-MAIL ADDRESS(ES)**

Plaintiff, **SARIA E. MATOS**, by and through the undersigned attorney, files this Notice of
Compliance with Rule 2.516(b)(1) and Designation of E-Mail Address(es) (effective September
1, 2012) and designates the following email address(es):

    **Primary E-Mail Address:**       mstefan@forthepeople.com

    **Secondary Email Address(es):**   cvictor@forthepeople.com

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY, that a true and correct copy of the foregoing has been served upon the
above-named Defendant, along with the summons and complaint.

                      _/s/ Manuel Stefan, Esq._
                      Manuel "Manny" Stefan, Esq.
                      Florida Bar No.: 0103389
                      MORGAN & MORGAN, P.A.
                      4495 South Semoran Blvd.
                      Orlando, FL 32822
                      Telephone No.: (407) 452-6982
                      Facsimile No.: (407) 572-0124
                      Primary email: MStefan@forthepeople.com
                      Secondary email: CVictor@ForThePeople.com
                      _Attorney for Plaintiff_